OHIO BRASS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13600.   Promulgated November 4, 1929.

*H. A. Mihills, C. P. A.*, for the petitioner.

*Hartford Allen, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

**OPINION.**

ARUNDELL: It is being contended on behalf of the respondent that the profit realized on the sale of petitioner's valve department is taxable in the year 1921 on the theory that for tax purposes the sale

was not completed in the year 1920. We are unable to concur in this view.

By the terms of clause 1 of the sales contract, the petitioner actually assigned and transferred its title and interest in the property to the Fisher Governor Co., and thereafter the assets were at the risk of the latter even though they remained in the possession of the former. The sales contract also provided that the petitioner should refrain from manufacturing valves of a type competitive to those made and sold by both companies, effective on the date of execution of the agreement and that all orders received for valves after that date, as well as inquiries received concerning them should be transmitted to the buyer. The object sought to be accomplished by this arrangement was to immediately place petitioner's valve business in the hands of the buyer.

The fact that all of the material sold was not shipped before the close of the year 1920 and the notes evidencing the purchase price were not delivered until in January, 1921, is not material. "If the property by the terms of the agreement passed immediately to the buyer, the contract was deemed a bargain and sale." *Hatch* v. *Oil Co.*, 100 U. S. 124. Taxpayers on the accrual basis of accounting are required to report income as earned, even though payment has not been made or the obligation has not matured. *H. H. Brown Co.*, 8 B. T. A. 112. "Profits accrue when they are fixed and an enforceable liability is created." *North Texas Lumber Co.* v. *Commissioner of Internal Revenue*, 30 Fed. (2d) 680. See, also, *Davidson & Case Lumber Co.* v. *Motter*, 14 Fed. (2d) 137.

The sales contract of November 26, 1920, definitely fixed the liabilities of the parties, including that of the buyer to pay the purchase price upon delivery of the material, and nothing remained for either party to perform to make the transaction a binding one. Had the petitioner made immediate shipment of the material sold, it could have demanded the notes, and if refused, could have maintained an action for the purchase price. The notes were actually delivered before the final shipment of material was made. The purchase price having been definitely fixed under the sales contract, the petitioner could have determined the amount of its profits on the transaction as readily in 1920 as in the year 1921. The fact that it deferred making the necessary bookkeeping entries for the sale until after the close of the year in which the sale became absolute and the liabilities of the buyer and seller were made certain, does not affect the situation. Where the books do not reflect the actual facts, as here, the latter must prevail. Neither the Commissioner nor a taxpayer may arbitrarily designate the year in which income is taxable. *Even Realty Co.*, 1 B. T. A. 355.

1204

In our opinion the sale was completed in the year 1920, and since the petitioner was on the accrual basis of accounting, the profit realized on the transaction is taxable in that year.

The respondent maintains that if the profit realized on the sale is properly accruable in the year 1920, the petitioner, because of representations made to him, should be estopped to deny that the income is not taxable in the year 1921.

Having raised the question of estoppel, it is incumbent upon the respondent to show that the elements of the doctrine are present. *Standard Manufacturing Co.* v. *Arrott*, 135 Fed. 750. It is said in *Henshaw* v. *Bissell*, 18 Wall. 255, that for the application of the doctrine of equitable estoppel " there must be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as to amount to constructive fraud."

The time when an isolated transaction such as the one before us should be entered on the taxpayer's books, and any profit realized thereon returned for tax purposes, is frequently a difficult matter to determine. The petitioner here, after construing the contract of sale in the light of the law of contracts, its method of recording and reporting income, and the taxing acts, concluded that the profit realized on the sale was taxable in the year 1921, and so returned it. This position the petitioner adhered to until the early part of 1929, when it filed an amendment to its petition asking that the income be placed where it properly belonged. It does not appear of record, however, that the question of whether the sale was completed in 1920 or 1921 was ever made an issue in any of the petitioner's dealings with the Bureau of Internal Revenue. The misrepresentations alleged to have been made by the petitioner subsequent to the filing of its return for 1921 were made in connection with a dispute with the respondent concerning the value of the business sold, without any apparent intention on the part of the former to mislead the latter as to the year the sale took place.

The petitioner's treasurer testified at the hearing that the revenue agent who examined the petitioner's books of account and records to verify the correctness of its returns for the years 1920 and 1921 was " given everything on the situation [sale] he asked for." This testimony indicates a willingness on the part of the petitioner to reveal such facts as the respondent's representative regarded as necessary to determine its correct tax liability for each of the two years. There is nothing of record tending to show that the petitioner ever actively concealed any of the facts bearing on the question.

Another element of estoppel is that the alleged misrepresentations must be concerning a material fact, as distinguished from a mere expression of opinion as to the law of a contract. *Strum* v. *Boker*, 150 U. S. 312, in which the court said:

This language did not mislead or induce either the defendants or the insurance companies to alter or change their position in any respect whatever, nor influence their conduct in any way. Both the defendants and the insurance companies had the written contracts before them, and were presumed, as a matter of law, to know their legal effect and operation. What the complainant said in his testimony was a statement of opinion upon the question of law, where the facts were equally well known to both parties. Such statements of opinion do not operate as an estoppel. If he had said, in express terms, that by that contract he was responsible for the loss, it would have been, under the circumstances, only the expression of an opinion as to the law of the contract, and not a declaration or admission of a fact, such as would estop him from subsequently taking a different position as to the true interpretation of the written instrument.

The testimony in this proceeding does not disclose whether or not the respondent had a copy of the contract of sale before him prior to the mailing of his deficiency letter on March 12, 1926. The petitioner's treasurer testified that it was his "recollection" that the contract was placed in the hands of the revenue agent for examination during the course of the audit he made of its books in 1925. Other testimony in the record indicates that the revenue agent did not consider the question seriously, since the tax rates were the same for both years. In any event there has been no proof that the respondent was not in as good a position as the petitioner to determine the year in which the profit was taxable. As we pointed out in our discussion of the first issue, income is taxable in the year of receipt or accrual, depending upon the taxpayer's method of reporting income, and neither the Government nor the taxpayer may arbitrarily designate the taxable year.

Had the petitioner appealed from the deficiencies asserted for both years, and raised the question in its original petition or an amendment thereto, the respondent would doubtless concede the former's right to have the issue decided upon its merits, since in such a situation it could not be said that the latter had acted to his injury or damage, thereby eliminating one of the essential elements of estoppel. If the respondent has sustained any damage, it is because the time for making an additional assessment for the year 1920 has expired.

In our opinion the respondent has failed to show the presence of facts justifying an application of the doctrine of estoppel against the petitioner.

*Judgment will be entered under Rule 50.*